## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**JAMES ANTHONY CHAMBERLAIN,**

      **Plaintiffs,**

                          **Case No. 4:05-cv-49**

**v.**                          **Hon. Gordon J. Quist**

**MICHIGAN PAROLE BOARD,**
**MARIANNE SAMPER,**
**PATRICIA CARUSO, and**
**JOHN RUBITSCHUN,**

      **Defendants.**

_____/

## REPORT AND RECOMMENDATION

      This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. This matter is before the court on defendants' motion to dismiss pursuant to Fed. Rules Civ. Proc. 12(b)(6) (docket no. 11).

      **I.**      **Plaintiff's complaint**

      Plaintiff sets forth the following allegations in his complaint.  On September 24, 2004 defendant Michigan Parole Board ("Parole Board") entered a decision denying him parole.  *Id.* at ¶ 29; Parole Board Decision (Sept. 24, 2004) attached as Exh. K to Compl.  Plaintiff's next parole reconsideration date is July 27, 2006.  *See* Parole Board Decision. He has suffered from a drug and alcohol addiction since age fourteen.  *Id.* at ¶ 21. His history of drug and alcohol addiction "substantially limits his judgment, ability to learn, ability to comprehend the long-range effects of his acts, and the ability to maintain stable social relationships, and stable employment." *Id.* at ¶ 37. He states that he is "statutorily eligible" for parole.  *Id.* at ¶ 35.  Plaintiff further states that "[i]f it

wasn't for defendants discriminating against [p]laintiff based on his impairment of a history of [p]olysubstance [a]buse [d]isorder he would otherwise be qualified for the public benefit of parole consideration." Plaintiff alleges that defendants denied him parole consideration because of his "polysubstance abuse disability," that defendants have created a process for parole that discriminates against him and other individuals with a polysubstance abuse disorder and that defendants "have a custom of discriminating against all prisoners with a substance abuse impairment."

Plaintiff claims that defendants' actions violate the American with Disabilities Act ("ADA"), 42 U.S.C. § 12132 and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a). Compl. at ¶ 1. Plaintiff seeks (1) declaratory relief that defendants have a "custom" that categorically excludes plaintiff from participating in specified programs or services on the basis of his disability in violation of the ADA and the Rehabilitation Act, (2) injunctive relief to enjoin defendants from continuing to violate plaintiff's rights under the ADA and the Rehabilitation Act, and (3) a court order directing defendants "to change their eligibility criteria, and to stop using prisoners['] history of substance abuse impairments against them when making a consideration of parole, unless that prisoner is currently engaging in the illegal use of drugs and alcohol." Compl. at p. 12. Plaintiff does not seek monetary damages.

_____II.     Standard of review for motion to dismiss

Under Fed. Rules Civ. Proc. 12(b)(6), a complaint may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The complaint must be construed in the light most favorable to the plaintiff, and its well-pleaded facts must be accepted as true. *Morgan v. Churchs Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). However, the Court need not accept as true

legal conclusions or unwarranted factual inferences. *Lewis v. ACB Business Serv., Inc.*, 135 F.3d 389, 405 (6th Cir. 1998).

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint.  *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corrections Corp. of America*, 102 F.3d 810, 814 (6th Cir. 1996).

## III.    Discussion

Plaintiff has filed suit against the Parole Board and defendants Caruso, Rubitschun and Samper in their official capacities.[1] Plaintiff claims that he was denied parole because of his disability in violation of the ADA and the Rehabilitation Act.  The ADA provides that "no qualified individual with a disability shall be reason of such disability be excluded from participation in or denied the benefits of services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  42 U.S.C. § 12132.  To present a prima facie case under § 12132, a plaintiff must demonstrate that (1) he has a disability; (2) he is otherwise qualified; and (3) he is being excluded from participation in, being denied the benefits of, or being subjected to discrimination under the program solely because of his disability.  *See Jones v. City of Monroe*, 341

---

[1] Defendants point out that, as members of the Parole Board, they are immune from damage claims under the Eleventh Amendment. Defendants' Brief at 7-8.  *See, e.g., Fleming v. Martin*, 24 Fed. Appx. 258, 259 (6th Cir. 2001) (Parole Board entitled to Eleventh Amendment immunity). However, because plaintiff seeks only injunctive and declaratory relief, it is unnecessary for the court to address this issue.

F.3d 474, 477 (6th Cir. 2003); *Kaltenberger v. Ohio College of Podiatric Medicine*, 162 F.3d 432, 435 (6th Cir. 1998). Similarly, § 794(a) of the Rehabilitation Act protects any "otherwise qualified individual" from "be[ing] excluded from the participation in, be[ing] denied the benefits of, or be[ing] subjected to discrimination," under specified programs "solely by reason of her or his disability." 29 U.S.C. § 794(a).

Defendants contend that plaintiff has failed to prove that he is an individual within the meaning of the ADA. Defendants' Brief at 5. Defendants' contention is misplaced. When considering a motion to dismiss pursuant to Rule 12(b)(6), the court accepts all well-pleaded facts as true. *See Morgan*, 829 F.2d at 12. For purposes of this motion, the court will accept as true plaintiff's allegation that he suffers from a disability, i.e., "polysubstance abuse disorder." However, even if the court assumes that plaintiff suffers from such a disability, he is not entitled to the relief he seeks.

First, plaintiff's complaint, and the exhibits attached thereto, do not demonstrate that the Parole Board denied him parole on the basis of this disability. After determining plaintiff's mental and social attitude, the Parole Board denied plaintiff parole because it lacked "reasonable assurance" that plaintiff "will not become a menace to society or to the public safety." Parole Board Decision. The Parole Board relied on many factors in support of its decision to deny plaintiff parole:

### Crime & Criminal Behavior

**The assaultive crime:**
History of/or currently serving for CSC

**The sexually motivated crime:**
Violated a position of trust or authority
Involved minor/child victim
Involved a family member or acquaintance

4

**The property crime:**
Involved breaking and entering unoccupied building/business
Arose in a multiple offender situation
Shows established pattern of behavior
Involved malicious destruction or damage to property
Shows a betrayal of trust
Involved theft of or possession of stolen motor vehicle
Included taking or loss of property O/$100
Involved the taking of or possession of the property of another
Involves the intent to defraud another

**Regarding the crime, it is our belief:**
Prisoner minimizes their responsibility
Prisoner expresses little/no remorse

**The prisoner has a criminal history:**
Involving similar behavior to current offense
Includes criminal convictions(s) as juvenile
Includes drug/alcohol related crimes
Of [sic] established criminal behavior

**Regarding criminal history, it is our belief the prisoner:**
Blames criminal history on substance abuse

**Program Involvement**

**Through involvement in community programs, the prisoner has:**
Been denied community placement due to a special designation

**Personal History**

**The prisoner has a history of substance abuse which:**
Is of long standing duration
Is of a polysubstance nature

Parole Board Decision (Sept. 24, 2004).

The Parole Board listed 21 reasons in support of its decision to deny plaintiff parole in addition to plaintiff's longstanding, polysubstance "history of substance abuse." The Board's decision indicates that plaintiff is not an individual qualified to receive a grant of parole for reasons

other than his alleged disability. Based on the reasons as set forth in this decision, plaintiff cannot demonstrate that he was "otherwise qualified" for parole as required under the ADA and the Rehabilitation Act.

Second, neither the ADA nor the Rehabilitation Act categorically bar the Parole Board from considering a prisoner's disability in making an individualized assessment of the future dangerousness of the prisoner. *See Thompson v. Davis*, 295 F.3d 890, 898 n.4 (9th Cir. 2002); *O'Neal v. Rubitschun*, No. 1:05-cv-417, 2005 WL 1923599 at *3 (W.D. Mich. Aug. 11, 2005) (*citing Thompson*). The Parole Board expressed its belief that plaintiff minimizes his responsibility for his crimes, demonstrates little or no remorse for the crimes (which involved a minor/child) and blames his criminal history on substance abuse. While the ADA and Rehabilitation Act protect plaintiff's status as an individual suffering from a disability, these statutes do not insulate plaintiff from the consequences of his conduct. Legitimate penological interests inherent in the parole process may justify consideration of a prisoner's disability status beyond that appropriate in other settings. *See Thompson*, 295 F.3d at 898 n. 4.  "A person's disability that leads one to a propensity to commit crime may certainly be  relevant in assessing whether that individual is qualified for parole." *Thompson*, 295 F.3d at 898 n.4. *See generally*, *Mararri v. WCI Steel, Inc.*, 130 F.3d 1180, 1182 (6th Cir. 1997) ("while the ADA 'protects an individual's status as an alcoholic,' merely being an alcoholic does not insulate one from the consequences of one's actions"); *Larson v. Koch Refining Co.*, 920 F.Supp. 1000, 1004 (D.Minn.1996) (the purpose of the ADA is to protect an individual against discrimination on the basis of his disability, not to protect an individual from the consequences of his conduct).

In reviewing plaintiff's claims, the court is guided by the decision in *O'Neal*, *supra*, which involved allegations similar to plaintiff's: O'Neal had history of substance abuse "of long duration" and claimed that the Parole Board relied on his history of drug abuse in violation of the ADA and the Rehabilitation Act.  *O'Neal*, 2005 WL 1923588 at *1.  The Parole Board listed 14 reasons for denying O'Neal parole, including its belief that plaintiff blamed his criminal history on substance abuse and his past immaturity.  *Id.*  In dismissing plaintiff's claims, the court concluded that the Parole Board could consider O'Neal's history of substance abuse:

> The parole board's references to [p]laintiff's history of substance abuse suggest that [p]laintiff's substance abuse played a role in his past criminal behavior and that [p]laintiff has failed to take full responsibility for his criminal conduct by blaming his drug addiction.  The parole board has a legitimate penological interest in considering a prisoner's history of drug use during an individualized assessment for parole suitability.

*O'Neal*, 2005 WL 1923599 at *3.  The court agrees with the observations in *O'Neal*, and finds them applicable to plaintiff's claims in the present case.

## III.   RECOMMENDATION

Accordingly, I respectfully recommend that defendants' motion to dismiss (docket no. 11) be **GRANTED**.

Dated:  November 21, 2005                 /s/ Hugh W. Brenneman, Jr.
                                          Hugh W. Brenneman, Jr.
                                          United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).